THE MAYOR AND COUNCIL OF VINELAND v. FRANK
DENOFLIO.

Submitted December 6, 1906—Decided February 25, 1907.

1. The defendant's right to a trial by jury, reserved to him under
   section 12 of the Borough act (*Pamph. L.* 1897, *p.* 291), in cer-
   tain cases of alleged violation of borough ordinances therein
   designated, cannot be made to depend, without legislative author-
   ity, upon the defendant's prepayment of the jury fees.
2. The word "may," contained in the jury clause which reads, "there
   may be a trial by jury," is mandatory in effect, and not permissive
   only.
3. The conviction of defendant by the recorder, sitting without a
   jury, after the same was regularly demanded, is set aside, with
   costs.

On *certiorari.*

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the prosecutor, *Edwin F. Miller.*

For the defendant, *Herbert C. Bartlett.*

The opinion of the court was delivered by

HENDRICKSON, J.   The prosecutor was convicted before the
recorder of the borough of Vineland of acting disorderly and
creating a great disturbance upon one, of the streets of the
borough, in violation of one of its ordinances.   The recorder
imposed a fine of $10 and costs or commitment, if unpaid, to
the county jail for the term of thiry days.   One of the princi-
pal grounds upon which the validity of the conviction is chal-
lenged is the refusal of the recorder to allow a trial by jury,
except upon prepayment of the jury fees by the defendant,
and this being refused, his proceeding to hear the cause, with-
out a jury, and rendering the judgment complained of.   The
right to a jury is claimed by virtue of a paragraph of section
12 of the Borough act (*Pamph. L.* 1897, *p.* 291), which

reads: "In all cases where the fine or penalty shall exceed $20, or where the punishment shall be imprisonment for a term exceeding seven days, there may be a trial by jury, to be conducted as in cases now triable in courts for the trial of small causes."

Section 11 of said act also directs that proceedings to recover a penalty for the violation of an ordinance shall be regulated and conducted in the manner prescribed in the act constituting courts for the trial of small causes.

It is conceded that the charge in this case is embraced within the class of cases referred to in said section 12, and hence the only question under this point is, Was the recorder justified in denying to the prosecutor a trial by jury under the circumstances, and proceeding to hear the cause himself? It is also conceded that there was no legislative authority to impose the prepayment of the jury fees by a defendant as a condition precedent to the issuance of a venire. This question seems to be settled in favor of the prosecutor's contention by previous adjudications in this court.

It was held in *Clayton* v. *Clark,* 26 *Vroom* 539, a case heard in a District Court, that a demand for a jury made by the defendant at the proper time, deprives the court of jurisdiction to try the cause otherwise than by a jury; and that such a demand gives the defendant the right to a trial by jury without prepayment of costs or to have the action against him dismissed. And in *MacKenzie* v. *Gilbert,* 40 *Id.* 184, the same principle was laid down as applying to courts for the trial of small causes. It is not seriously contended on behalf of the defendant borough but that the cases cited must settle the controversy now here, unless the case, *sub judice,* can be distinguished. The contention of defendant is that it is distinguishable. The argument is that the language of the jury clause of the Borough act before cited, particularly the words "there may be a trial by jury," is not imperative but permissive only, leaving it optional with the magistrate or recorder to grant or refuse a trial by jury for violation of ordinances and other petty offences within their jurisdiction, in the exercise of a reasonable discretion. But we are unable to place

such a construction upon the clause in question. It will be observed that the clause in question says, "in all cases" within the class named there may be a trial by jury, and a settled canon of construction is that where a statute directs the doing of a thing for the sake of justice or public good the word "may" will be construed as mandatory. And since this statute we are considering conserves a public right guaranteed by the constitution, it is clearly within the rule here cited. *Rex* v. *Barlow,* 2 *Salk.* 609; *Davison* v. *Davison's Administrators,* 2 *Harr.* 169, and 20 *Am. & Eng. Encycl. L.* 242, note 1.

Having determined this point in favor of the prosecutor, we need not discuss the other grounds alleged for reversal. The judgment is reversed, with costs.